UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WAYNE C. SMITH,

    Petitioner,

-vs-                                    Case No. 6:11-cv-1743-Orl-28TBS

FLORIDA ATTORNEY GENERAL, et al.,

    Respondents.

_____/

## ORDER

Petitioner, Wayne C. Smith, alleges two claims for relief in his habeas petition.[3] First, he argues that trial counsel was ineffective for failing to timely file a notice of expiration of speedy trial and move for a discharge. This claim, however, is procedurally barred. Next, he argues that the trial court solicited votes from the jury panel. Claim two is without merit because Mr. Smith fails to allege a violation of the United States Constitution or federal law.

---

[3]Mr. Smith initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 15). Mr. Smith filed a reply (Doc. No. 24) to the response.

*I.    Procedural History*

Mr. Smith was charged by information with one count of burglary of a dwelling and one count of grant theft. A jury trial was held, and Mr. Smith was found guilty as to both counts. The trial court adjudicated Mr. Smith guilty of the crimes and sentenced him to imprisonment for a term of fifteen years as to the burglary count. The trial court withheld the imposition of sentence as to the grand theft count and placed Mr. Smith on probation for a term of three years. Mr. Smith filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Mr. Smith then filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) with the state trial court, which was denied. The denial was *per curiam* affirmed by the state appellate court.

Mr. Smith next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Mr. Smith appealed the denial, and the state appellate court affirmed the denial *per curiam*.

*II.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[4] *Id.*

---

[4] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. Analysis

#### A. Claim One

Mr. Smith alleges that trial counsel was ineffective for failing to timely file a notice of expiration of speedy trial and to move for a discharge. This claim was raised in Mr. Smith's Rule 3.850 motion and was denied after an evidentiary hearing; however, this claim was not raised in the subsequent appeal of the denial of Rule 3.850 relief.

The failure to appeal the denial results in a procedural default. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); *see also, Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

---

the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

4

The Supreme Court of the United States has recently held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). However, the *Martinez* decision "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.* at 1320. Therefore, Mr. Smith cannot demonstrate cause based on the alleged ineffectiveness of postconviction appellate counsel, and he has failed to demonstrate prejudice. Likewise, Mr. Smith has not shown the applicability of the actual innocence exception. As a result, this claim is denied.

B.   *Claim Two*

Mr. Smith avers that the trial court solicited votes from the jury panel. According to Mr. Smith, the trial judge "instructed his courtroom bailiff to hand out pencils to the panel juror[s] which labeled the advertisement of, 'Vote for Judge David E. Silverman,' prior to the jurors leaving the courtroom to deliberate the case." *See* Doc. No. 1 at 12. This claim was raised in Mr. Smith's Rule 3.850 motion and was denied

5

because "[t]he trial transcript shows that no such solicitation of votes occurred." *See* Order Denying Defendant's Motion for Post-Conviction Relief at 9.

Initially, the Court notes that, under 28 U.S.C. § 2254(a),

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only *on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

(Emphasis added). In this claim, Mr. Smith does not allege violations of the United States Constitution or federal law, nor does he allege that he is in custody in violation of the Constitution or federal law. Mr. Smith's failure to plead such a violation warrants dismissal of this claim.

Further, as noted by the trial court, there is nothing in the trial transcript supporting Mr. Smith's allegations. In fact, Mr. Smith points to nothing in the record that affected the fairness of his trial.

The Court also notes that evidence of guilt was overwhelming. Mr. Smith was surprised in the act of burglarizing a home, and he fled. He was apprehended minutes later across the street from the home, and he was in possession of items stolen from the home. Mr. Smith was identified by the resident who found him in the home, and he admitted that he took a watch from the home. Consequently, there has been no showing that this matter would have affected the outcome of his trial.

Therefore, Mr. Smith has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law

or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). As a result, Mr. Smith is not entitled to federal habeas relief on this claim.

Any of Mr. Smith's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Wayne C. Smith is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Smith has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 12th day of February, 2013.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 2/12
Counsel of Record
Wayne C. Smith